March 23rd 2015
22,171-02

Michael Dennis Harnden
TDCJ-ID # 450948
Ellis Unit
1697 FM980
Huntsville, Tx 77343

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 26 2015

Abel Acosta, Clerk

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Texas 78711

Dear Clerk.

Please File this Under this Cause # 34,867-B. I was not given the opportunity to object to the states answer and I would like this to be part of the record before a decision is made.

Respectfully Submitted

Michael Dennis Harnden

CAUSE NO. 34,867-B

| | | |
|---|---|---|
| EX Parte | § | IN THE COURT |
| MICHAEL DENNIS HARNDEN | § | OF CRIMINAL APPEALS |
| | § | TRAVIS COUNTY,TEXAS |

OBJECTION TO STATE'S ANSWER AND JUDGES'S RULING

TO THE HONORABLE SAID COURT:

COMES Now Michael Dennis Harnden,Petitioner in the above style and cause, files this Objection to the State's Answer and the Judge's Ruling in said cause.

1. Applicant would like this Honorable Court to know that he had no opportunity to object to the State's answer before the convieting court Judge made his ruling, being it was all done on the same day.

2. Applicant objection to the State's finding in paragraph (7) that the court finds that the existing record is suffient to answer the allegations in Applicant's Petiton. Because the existing record was not addressed on record of plea bargain,contract and fixed begin date and expiration date.(See EX PARTE KUESTER, 21 S.W.3d 264 at 272)

3. In paragraph (9) "In GROUND TWO the court finds that the Applicant contends that his plea bargin agreement with the State has been breached because his sentence has been suspended".

4. In fact in GROUND TWO in the Memorandum in Support he explains that the Legislature passed a law that allowed executive agency to alter the contract. Applicant was not given any kind of instruction to the effect that his sentence could be altered by any future law concerning mandatory supervision. Therefore he entered into that plea UNKNOWINGLY.

1.

5. "Applicant's guilty plea was involuntry and was entitled to habeas corpus relief, where his understanding of his parole eligibility was manifested as a affirmative part of a plea bargin and was relied on as an essential part of the quid pro quo pleading guilty, but that part of his plea bargin was not or could not be carried out." (EX PARTE WILSON,706 S.W.2d 649 (CR.APP.1985))(On Rehearing 716 S.W.2d 953)

   This case is talking of parole eligibility, but this can be inferred about the fixed time bargined for in plea bargins.

6. The court found in paragraph (24) that there is no difference §508.283(b) and §508.149(a)(2). These laws the court did not show how Applicant could have known about these laws at the time of his plea bargin.

7. At this time the Applicant would like to have the Court of Criminal Appeals to Judical Notice that this is one of the reasons the Texas Constition Bill of Rights Artical 1,Section 15, Right of Trial by Jury,"The Right of Trial by Jury shall remain INVIOLATE" and

8. Article 1,Section 29, provisions of Bill of Rights excepted from powers of government to FOREVER REMAIN INVIOLATE.

9. Sec.29 "To guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate and ALL LAWS contrary thereto, or to the following provisions shall be void.

10. THE COMMENTARY INTERPRETING THIS STATES:

"This section, in excepting everything in the Bill of Rights out of the general powers of government and stating such rights included therein are to remain inviolate, places these rights BEYOND the powers of the state government to usurp: It reserves these rights to the people.

As such, the basic underlying theory of Bill of Rights is set out, to the effect that certain rights are inalienable, that man is not capaple of divesting himself or his posterity of them even by concent.

Article of the Texas Constitution enumerates these inalienable rights and section 29 demonstrates that they are not delegted by the people to their government, and furthermore any infringment by the government thereof is void."

11. So in essence and in truth the government has no right to come along and chage the law for a person to even waive his right to trial by jury years after these Bill of Rights were instituted. According to section 29 it is a infringment on a person's right to trial by jury and it shows that a person can't divest that right even by consent.

12. So Applicant has shown by the Texas Constitution itself that not only was the plea bargined breached but it is void. Code of Criminal Procedure Article 1.13 [10a] waiver of trial by jury was passed years after the Bill of Rights and according to section 29 it is void. That makes any plea bargin or mandatory supervision revocation law attached to it unconstitutional.

3.

## DECLARATION

Applicant declares that all the foregoing information is true and correct under penalty of perjury.

Executed on this day 23rd of the month March 2015.

Respectfully Submitted,
Michael Dennis Harnden

Attachment A

Is time resolution verification
per State's allegation in paragraph 4
in his answer.

4.



# State Counsel for Offenders

A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

November 14, 2014

Michael Harnden
TDCJ#450948
Ellis Unit (E1/010)

Dear Mr. Harnden:

We have received your letter concerning the illegal extension of your sentence since being returned as a parole/mandatory supervision violator.

The time out on parole is applied to your sentence as long as you abide by the conditions of your release and do not violate these conditions. In other words, as long as you are fulfilling the terms of your parole or mandatory supervision release the time requirements on your sentence are being fulfilled. However, if you fail to fulfill the conditions of your release and if your release is revoked, you are then required to serve the remainder of your sentence. The remainder of your sentence is computed <u>without</u> credit for any time that you served while on parole or mandatory supervision.

The projected release and maximum expiration dates (short-way and long-way) are recomputed when a violator is reprocessed into the prison system. This is due to the fact that a person returned to TDCJ custody for parole or mandatory supervision violation does not receive credit for the time that was served while out on a parole or mandatory supervision release (street time). **This does not mean the sentence has been illegally extended, nor does it mean the sentence was illegally stopped and started again.** A conviction does not stop running until it completely discharges upon the maximum expiration date.

Sincerely,

Kenneth Nash, Chief
Appellate Section

A.Bailey
Legal Assistant-Appellate Section

C: File